**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED

NOV 1 2 2025

Nathan Ochsner, Clerk of Court

**UNITED STATES OF AMERICA,**
**Plaintiff,**
**v.**
**HUEY P. WILLIAMS, JR.,**
**Defendant/Movant.**

**Criminal No.: 4:14-cr-00022-1**

## MOVANT'S CONSOLIDATED EMERGENCY MOTION TO VACATE VOID ORDERS AND STAY SALE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Movant, HUEY P. WILLIAMS, JR. ("Mr. Williams"), pro se, and urgently moves this Court for an Order: (1) Vacating the void ab initio Preliminary Order of Forfeiture (Dkt. #198) and the underlying money judgment (Dkt. #84); and (2) Staying any sale or transfer of the subject properties. This motion is brought pursuant to the Court's inherent authority, the Due Process Clause of the Fifth Amendment, and Fed. R. Crim. P. 32.2. Movant clarifies that this is NOT a motion under 28 U.S.C. §2255, as that statute is inapplicable to challenges of specific forfeiture orders that were never pronounced as part of the sentence.

### INTRODUCTION

This case concerns a foundational principle of justice: a defendant must know his sentence at the moment it is pronounced. A decade ago, this Court sentenced Mr. Williams. Its oral pronouncement and the Final Judgment (Dkt. #88) were clear and comprehensive, yet neither included forfeiture. Now, the Government seeks to enforce a forfeiture judgment that was never imposed. This effort, compounded by a response filed within one hour of a motion for expedited ruling—demonstrating both active docket monitoring and the immediacy of the threat—creates an emergency that demands this Court's immediate intervention to prevent irreparable harm.

## STATEMENT OF FACTS

1. The Government's Conduct Demonstrates Urgency. Movant's initial Emergency Motion (Dkt. #200) was filed on October 9, 2025. The Government took no action for nearly a month. When Movant filed a "Motion for Expedited Ruling" (Dkt. #204) on November 5, 2025, the Government filed its Response (Dkt. #205) within one hour, confirming the active and time-sensitive nature of this enforcement action.

2. Forfeiture Was Absent from the Oral Sentence. The sentencing transcript (Dkt. #110) is unambiguous. The Court's oral pronouncement detailed imprisonment, supervised release, and restitution. When the Court explicitly asked, "Is there a forfeiture in this case?" the AUSA's non-responsive answer was met with no ruling. Forfeiture was not pronounced.

3. The Final Judgment (Dkt. #88) Confirms the Omission. The Final Judgment (Dkt. #88) is the definitive record of the sentence. It meticulously lists imprisonment, supervised release, a special assessment, and restitution. Its comprehensive silence on any forfeiture money judgment is conclusive proof that no such punishment was imposed.

4. Third-Party Rights Are in Jeopardy. The Government's Motion (Dkt. #189) claimed "there are no interested parties." This was a knowing misrepresentation. The record clearly shows documented third-party interests, including a 50% vested ownership interest held by Abigail Greene and a perfected secured lien in favor of FNA DZ, LLC. The Government's own Response subsequently acknowledged a third-party petition (Dkt. #201), admitting the existence of the very interests it previously denied.

## ARGUMENT

### I. THE FINAL JUDGEMENT (DKT. #88) IS CONCLUSIVE PROOF THAT FORFEITURE IS NOT PART OF THE SENTENCE

The Final Judgment (Dkt. #88), drafted by the Government itself, serves as a judicial

admission that forfeiture is not a component of Mr. Williams's sentence. This document is the official, written embodiment of the Court's punishment order. The Government's deliberate omission of any mention of a multi-million dollar forfeiture from this comprehensive ledger is a powerful, formal representation to the Court that the sentence, as finally memorialized, did not include forfeiture. The Government cannot now, a decade later, contradict its own prior, definitive act. This estops the Government from claiming forfeiture was ever a valid part of the sentence.

## II. THE FORFEITURE ORDERS ARE VOID AB INITIO UNDER BINDING PRECEDENT

The Fifth Circuit has established a clear, bright-line rule: a criminal forfeiture must be included in the oral pronouncement of sentence. This is not a mere technicality, but a core due process requirement that ensures the defendant is present when his punishment is declared. "Because the district court did not include criminal forfeiture in its oral pronouncement of sentence, the written forfeiture order is invalid." *United States v. Diehl*, 948 F.3d 637, 643 (5th Cir. 2020).

This rule is an application of the broader, foundational principle that the oral sentence controls.

"Any variance between the oral pronouncement of a sentence and the written judgment is resolved in favor of the oral pronouncement." *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001).

Here, there is no variance to resolve: the oral pronouncement and the Final Judgment (Dkt. #88) are in perfect harmony. Both are silent on forfeiture. An order that imposes a punishment never pronounced in court is more than merely voidable; it is void ab initio.

Therefore, the subsequent written orders (Dkts. #84, #198) are legal nullities and must be vacated.

### III. THE GOVERNMENT'S MISREPRESENTATION REGARDING THIRD-PARTY INTERESTS INDEPENTLY INVALIDATES THE FORFEITURE

The Government's false claim that "there are no interested parties" constitutes a material misrepresentation that undermines the integrity of the forfeiture process. The Fifth Circuit has consistently held that the government cannot forfeit property interests belonging to innocent third parties. *United States v. 2525 Leroy Lane, 910 F.3d 201, 206 (5th Cir. 2018)*. By seeking to forfeit the properties in their entirety despite known, documented, and superior interests, the Government has acted in reckless disregard of established rights, rendering the forfeiture order overbroad and unenforceable.

### IV. AN IMMEDIATE STAY IS NECESSARY TO UPHOLD DUE PROCESS AND JUDICIAL INTEGRITY

The Government's litigation conduct confirms that a sale is imminent. The harm from such an action would be severe, irreversible, and would undermine this Court's authority.

**Irreparable Harm:** A sale would permanently deprive Movant of his property based on a void order and would extinguish the vested rights of innocent third parties before their claims can be adjudicated, rendering their petitions moot.

**Balancing of Equities:** The Government suffers no prejudice from a brief stay to resolve these dispositive legal questions. In contrast, Movant and third parties face the permanent loss of their property.

**Public Interest:** The public interest is always served by enforcing due process, protecting innocent third parties, and preventing the execution of void judicial orders. Allowing a sale to proceed would reduce this Court's oversight to a meaningless formality.

## CONCLUSION

The legal path is clear. Under Diehl, the forfeiture orders are void. The factual record is undisputed: the Court did not pronounce forfeiture, and the Final Judgment (Dkt. #88) does not contain it. The Government's own actions prove the threat is real and immediate. To permit the Government to confiscate property under these circumstances would be a manifest injustice.

This Court has the power and the duty to prevent this outcome. Movant respectfully urges the Court to act now to preserve the status quo and correct a clear legal error.

## PRAYER FOR RELIEF

WHEREFORE, Movant HUEY P. WILLIAMS, JR., respectfully prays that this Court enter an Order:

1. VACATING the Preliminary Order of Forfeiture (Dkt. #198) as VOID AB INITIO;

2. VACATING the Order Imposing Money Judgment (Dkt. #84) as VOID AB INITIO;

3. GRANTING an immediate emergency stay, halting any sale or transfer of the properties located at 439 Mason Park Boulevard, Katy, Texas 77450 and 0 Copper Brook, Houston, Texas 77095;

4. DIRECTING the immediate return of any seized property and the dissolution of any related liens;

5. GRANTING such other and further relief as is just.

Respectfully submitted,

HUEY P. WILLIAMS, JR., Movant
439 Mason Park Boulevard
Katy, Texas 77450
*Pro Se*

CERTIFICATE OF SERVICE

I, Huey P. Williams, Jr., certify that on this ⧸⧸ day of November, 2025, I served a true and correct copy of this motion via first-class U.S. Mail, postage prepaid, to:

Melissa Hotze, Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002

                                                       Huey P. Williams, Jr., *Pro Se*